# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM G. PINZON, | 1:08-cv-1543 AWI GSA |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| ROB JENSEN, et al., | |
| Defendants. | |

Plaintiff Abraham G. Pinzon ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant complaint on October 14, 2008.  He names Ron Jensen, Jensen Construction, the Tuolumne County Superior Court, Dan Vaughn and Pinecrest Market as Defendants.  Plaintiff alleges he was not paid wages for work he performed for Ron Jensen and Dan Vaughn.  He alleges violations of Title VII of the Civil Rights Act, the Ralph Act, and 42 U.S.C. §§ 1981 and 1983, as well as violations of the Thirteenth and Fourteenth Amendments of the United States Constitution.

## DISCUSSION

A.    Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim

1   upon which relief may be granted, or seeks monetary relief from a defendant who is immune

2   from such relief.   28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state

3   a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be

4   cured by amendment.

5          In reviewing a complaint under this standard, the court must accept as true the allegations

6   of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740

7   (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick

8   v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,

9   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

10         Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim

11  showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  Rule 8(a) expresses the

12  principle of notice-pleading, whereby the pleader need not give an elaborate recitation of every

13  fact he may ultimately rely upon at trial, but only a statement sufficient to "'give the defendant

14  fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  Swierkiewicz v.

15  Sorema N. A., 534 U.S. 506, 511-12, 122 S.Ct. 992 (2002) (quoting Conley v. Gibson, 355 U.S.

16  41, 47, 78 S.Ct. 99 (1957)).

17  B.     Plaintiff's Allegations

18         According to his complaint, Plaintiff alleges that he installed marble and porcelain

19  throughout Defendant Dan Vaughn's home. [1] Complaint at pg. 2 lines 21-26.   Ron Jensen was

20  allegedly the general contractor for the job. Id. Plaintiff first alleges that Defendant Jensen

21  refused to hire him for employment but later Plaintiff states that Jensen created a hostile work

22  environment. Complaint at pg. 3.  Plaintiff also later alleges that Defendants Vaughn and Jensen

23  conspired to defraud him of labor, wages, and benefits.  Id.

24         Specifically, Plaintiff alleges that late in August 2006, Vaughn refused to pay Plaintiff

25  wages he owed him and threatened Plaintiff's life.  Complaint at 3, line 21-28.  Plaintiff alleges

26  that on October 10, 2006, Vaughn owed Pinzon $12,000 and told Plaintiff to sue for wages.

27  _____

28         [1] Plaintiff alleges that Dan Vaughn is the owner of homes and businesses, however, it is unclear from the
complaint what businesses Dan Vaughn owns.

1   Compliant at 4, lines 1-6.  Later, Vaughn claimed to have fired Plaintiff.  Id.  Plaintiff alleges that

2   Defendants Vaughn and Jensen did not have trouble paying white employees, nor did they harass

3   or threaten other white employees.[2]  Complaint at pg. 3, lines 8-10.

4        Plaintiff alleges that a small claims hearing was held on January 22, 2007, in the

5   Tuolumne Superior Court (Case No. SC-15790).  Complaint at pg. 4, lines 1-2.  Plaintiff alleges

6   that Jensen lied at the proceeding stating that Plaintiff was an independent contractor.  Complaint

7   at 4, lines 15-18.   Plaintiff also alleges that Jensen and his crew created a hostile work

8   environment in violation of Title VII and 42 U.S.C. § 1981.  Complaint at 4, lines 25-28.

9   Plaintiff alleges that the judge and the bailiff in the small claims proceedings showed cronyism

10  and intimidation all in violation of Title VII and the Thirteenth Amendment of the United States

11  constitution. Complaint at 5 at lines 1-4.  Complaint at pg. 5, lines 22-26.

12       As a result of these events, Plaintiff alleges he suffers from severe mental anguish, is

13  subversive, and rage filled.  He requests equal wages, unpaid compensation, back and front pay,

14  compensatory and punitive damages in an amount no less than $1,579,000.00.

15  C.   Analysis

16       1.   *Rule 8(a)*

17       Although Plaintiff attempts to allege many causes of action and provides a description of

18  his alleged experiences, his narrative-style complaint is insufficient to state legally cognizable

19  causes of action.  It is Plaintiff's burden, not that of the court, to separately identify claims and

20  state facts in support of each claim.  If Plaintiff wishes to allege causes of action he must separate

21  each claim and state facts in support of each individual claim.  The court will not sift through the

22  complaint and guess which facts go to which claim, or how each defendant relates to each cause

23  of action.

24       For example, Plaintiff alleges that Defendants Jensen and Vaughn created a hostile work

25  environment, but he has not indicated whether this hostile environment was motivated by racial

26  discrimination, nor has he articulated what actions the defendants took to create that hostile

27

28       [2] Plaintiff is a Puerto Rican man who is a native of California.

3

1   environment.   Furthermore, Plaintiff has listed Pinecrest Market as a Defendant, however, there

2   is no reference to this defendant in the complaint other than listing it in the caption.

3           As Rule 8(a) states, a complaint must contain "a short and plain statement of the claim."

4   The rule expresses the principle of notice-pleading, whereby the pleader need only give the

5   opposing party fair notice of a claim.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Rule 8(a)

6   does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial,

7   but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is

8   and the grounds upon which it rests."  Id. at 47.

9           Plaintiff will be given an opportunity to amend his complaint to comply with Rule 8(a).

10  In addition to the following legal standards, Plaintiff is advised that his complaint must contain

11  all necessary allegations.

12          As a preliminary matter, the court notes that Plaintiff filed a virtually identical complaint

13  in this district on August 14, 2008 (Pinzon v. Jensen, et al. 08-cv-1193 LJO-SMS).  Findings and

14  Recommendations were issued in that case recommending that the case be dismissed for lack of

15  jurisdiction on August 28, 2008.  Plaintiff did not file objections to the complaint and the case

16  was dismissed on October 1, 2008.  Plaintiff filed the instant complaint only 14 days later.

17          *Rooker-Feldman Doctrine*

18          As stated in the previously issued Findings and Recommendations, to the extent that

19  Plaintiff is requesting that this court review the small claims court proceeding, this court lacks

20  jurisdiction to do so. Federal courts lack jurisdiction to review or modify state court judgments

21  under the *Rooker-Feldman* doctrine.  See Rooker v. Fidelity Trust Company, 263 U.S. 413, 44

22  S.Ct. 149 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 103

23  S.Ct. 1303 (1983).  The *Rooker-Feldman* doctrine is based on 28 U.S.C. § 1257 which grants the

24  United States Supreme Court jurisdiction to review decisions of the highest state courts for

25  compliance with the federal Constitution.  See Rooker, 263 U.S. 413, 44 S.Ct. 149; Feldman,

26  460 U.S. at 482, 103 S.Ct. 1303.  The doctrine provides that "lower federal courts do not have

27  jurisdiction to review a case litigated and decided in state court; only the United States Supreme

28  Court has jurisdiction to correct state court judgments."  Gottfried v. Medical Planning Services,

1    142 F.3d 326, 330 (6th Cir. 1998). "This is equally true in constitutional cases brought under [42

2    U.S.C.] § 1983, since federal courts must give 'full faith and credit' to the judicial proceedings of

3    state courts.'" Gottfried, 142 F.3d at 330 (citing 28 U.S.C. § 1738).

4          "Federal district courts lack subject matter jurisdiction to review such final adjudications

5    or to exclude constitutional claims that are 'inextricably intertwined with the state court's

6    [decision] in a judicial proceeding.'" Valenti v. Mitchell, 962 F.2d 288, 296 (3rd Cir. 1992)

7    (quoting Feldman, 460 U.S. at 483, n. 16). This rule applies to "inextricably intertwined" with

8    final state court decisions, even if such "inextricably intertwined" claims were not raised in state

9    court. See, District of Columbia Court of Appeals v. Feldman, 460 U.S. at 483-487 and n. 16;

10   Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Olson Farms, Inc. v. Barbosa, 134 F.3d 933,

11   937 (9th Cir. 1998) (holding the Rooker-Feldman doctrine is jurisdictional). Thus, "[A] losing

12   party in state court is barred from seeking what in substance would be appellate review of the

13   state judgment in a United States District Court, based on the losing party's claim that the state

14   judgment itself violates the loser's federal rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-

15   1006 (1994).

16        *Res Judicata*

17        Furthermore, under the doctrine of claim preclusion, a final judgment forecloses

18   "successive litigation of the very same claim, whether or not relitigation of the claim raises the

19   same issues as the earlier suit." Taylor v. Sturgell, 128 S. Ct. 2161, 2171 (2008) quoting, New

20   Hampshire v. Maine, 121 S.Ct. 1808 (2001). Issue preclusion, in contrast, bars "successive

21   litigation of an issue of fact or law actually litigated and resolved in a valid court determination

22   essential to the prior judgment," even if the issue recurs in the context of a different claim. Id.

23   The terms claim preclusion and issue preclusion, are collectively referred to as "res judicata."

24   Taylor v. Sturgell, 128 S. Ct. at 2171. By "preclud[ing] parties from contesting matters that they

25   have had a full and fair opportunity to litigate," these two doctrines protect against "the expense

26   and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on

27   judicial action by minimizing the possibility of inconsistent decisions." Id. quoting, Montana v.

28   United States, 99 S.Ct. 970 (1979).

1    In this case, the court is giving Plaintiff an opportunity to amend the complaint because

2   the previous case he filed in this district was dismissed on a jurisdictional basis.[3]   It is not clear

3   from Plaintiff's complaint whether the instant claims were raised in the small claims proceeding.

4   If Plaintiff believes that there is a claim that was not previously adjudicated during the small

5   claims court action, he must clearly indicate what the claim is, and that it was not previously

6   ruled upon in the state court action.  Plaintiff is advised that if the claims were previously

7   adjudicated, he cannot file the same claims in this court.

8        2.    *Applicable Legal Standards*

9        In the paragraphs that follow, the court will provide Plaintiff with the legal standards that

10  appear to apply to his claims.  Plaintiff should carefully review the standards and amend only

11  those claims that he believes, in good faith, are cognizable.

12        a.    **Title VII Claims**

13       To establish a prima facie case of discrimination under Title VII of the Civil Rights Act

14  of 1964, 42 U.S.C. § 2000 et seq (hereinafter, "Title VII"), Plaintiff must show that: "(1) he is a

15  member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse

16  employment action; and (4) similarly situated individuals outside his protected class were treated

17  more favorably, or other circumstances surrounding the adverse employment action give rise to

18  an inference of discrimination." Peterson v. Hewlett-Packard Co., 358 F.3d 599, 603 (9th Cir.

19  2004); see also Raad, 323 F.3d 1185, 1195-96 (9th Cir. 2003) (citing McDonnell Douglas Corp.

20  v. Green, 411 U.S. 792 (1973).

21       Adverse employment action is broadly defined.  Ray v. Henderson, 217 F.3d 1234, 1241

22  (9th Cir.2000); see also Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir. 2000)

23  (collecting cases).  Adverse employment action exists where an employer's action negatively

24  affects an employee's compensation. See, Little v. Windermere Relocation, Inc., 301 F.3d 958,

25  970 (9th Cir. 2002) (holding that a reduction in base monthly pay was an adverse employment

26

27        [3] Rule 41(b) of the Federal Rules of Civil Procedure provides that an involuntary dismissal by a court
28  operates as an adjudication on the merits except when the dismissal was based on lack or jurisdiction which was the
    basis of the dismissal of plaintiff's previous case filed in this district.

1   action even though with commission and bonuses it might have equaled the same net pay); cf.

2   University of Hawai'i Prof'l Assembly v. Cayetano, 183 F.3d 1096, 1105-06 (9th Cir. 1999)

3   (holding that receiving pay even a couple of days late can seriously affect an employee's financial

4   situation and constitutes substantial impairment under the Contracts Clause).

5        Plaintiff should keep in mind that Title VII does not provide a cause of action for

6   damages against supervisors or fellow employees.  Holly D. v. California Institute of

7   Technology, 339 F.3d 1158 (9th Cir. 2003).  Moreover, an employer subject to Title VII is

8   defined as " a person engaged in an industry affecting commerce who has 15 or more employees

9   for each working day in each of 20 or more calendar weeks in the current or preceding year, and

10  any agent of such person.  42 U.S.C. § 2000(e)(b).  An independent contractor may not sue under

11  Title VII, however, an independent contractor may bring a suit under 42 U.S.C. § 1981.   Johnson

12  v. Crown Enterprises Inc., 398 F. 3d 339 (5th Cir. 2005).

13       *Exhaustion Requirement*

14       As a threshold matter, Plaintiff is informed that Title VII  has exhaustion requirements

15  that must be met prior to filing a court action. 42 U.S.C.§ 2000(e) et seq.  A person seeking relief

16  under Title VII must first file a charge with the Equal Employment Opportunity Commission

17  ("EEOC") within 180 days of the alleged unlawful employment practice, or, if the person

18  initially instituted proceedings with the state or local administrative agency, within 300 days of

19  the alleged unlawful employment practice.  42 U.S.C. § 2000e-5(e)(1).  If the EEOC does not

20  bring suit based on the charge, the EEOC will issue a "right to sue letter."  42 U.S.C. §

21  2000e-5(f)(1).  Once a person receives this letter, he has 90 days to file suit.  42 U.S.C. §

22  2000e-5(f)(1).

23       Plaintiff should consider whether he has met the exhaustion requirement in amending his

24  complaint.  Plaintiff shall attach any documents regarding the exhaustion of administrative

25  remedies to the amended complaint including the initial charge filed with the EEOC.  Plaintiff is

26  advised that the dates on the EEOC documents submitted with the previous complaint filed in

27  this district were not legible.  Plaintiff shall provide documentation which clearly establishes that

28  he has timely filed a claim in federal court in compliance with the regulations outlined above in

1    order for this claim to be cognizable.

3    *Hostile Work Environment*

4    To establish a prima facie case for a hostile-work environment claim, Plaintiff must

5    establish that (1) the defendants subjected the plaintiff to verbal or physical conduct based on his

6    race; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to

7    alter the conditions of employment and create an abusive working environment.  Surrell v.

8    California Water Service Co., 518 F. 3d 1097, 1108 (9th Cir. 2008) citing Manatt v. Bank of

9    America, NA, 339 F.3d 792, 798 (9th Cir. 2003).

10    Title VII, like section 1981 is not a "general civility code." Faragher v. City of Boca

11    Raton, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) (discussing Title VII).

12    "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not

13    amount to discriminatory changes in the 'terms and conditions of employment.' " Id. (internal

14    citation omitted); see also Jordan v. Clark, 847 F.2d 1368, 1374-75 (9th Cir.1988) (finding no

15    hostile work environment where "off-color" jokes were told in workplace).

16    **b.    Civil Rights Claims**

17    *42 U.S.C. § 1983 Claims*

18    Plaintiff lists 42 U.S.C. 1983 in the introductory paragraph of the complaint, however he

19    does not elaborate on this statute as a cause of action.  To state a claim under section 1983, a

20    plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant

21    deprived him of rights secured by the Constitution or federal law.  Long v. County of Los

22    Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Plaintiff cannot state a civil rights claim under

23    section 1983 against Defendants Jensen, Vaughn, Jensen Construction, or Pinecrest Market

24    because they do not appear to be government actors.  Hence, these Defendants were not acting

25    under color of state law.

26    Similarly, Defendant the Tuolumne County Superior Court is not a properly named

27    Defendant.  Defendants which are state entities are entitled to immunity under the Eleventh

28    Amendment to the federal Constitution.  The Eleventh Amendment provides that "[t]he Judicial

8

power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of Another State, or by Citizens or Subjects of any Foreign State." The United States Supreme Court has noted: "The [Eleventh] Amendment . . . enacts a sovereign immunity from suit, rather than a nonwaivable limit on the federal judiciary's subject matter jurisdiction." Idaho v. Couer d'Alene Tribe, 521 U.S. 261, 117 S.Ct. 2028, 2033 (1997).

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See, Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. at 144; Natural Resources Defense Council v. California Dept. of Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d at 1053; see also Lucas v. Department of Corrections, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (Board of Corrections is agency entitled to immunity); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity). Thus, Defendant Tuolomne County Superior Court is immune from this suit.

While Plaintiff has not named the judge presiding over the small claims action, Plaintiff is also advised judges are absolutely immune from damages for judicial acts taken within the jurisdiction of their courts. Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988); Imbler v. Pachtman, 424 U.S. 409, 418 (1976). Similarly, court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. Mullis v. United States Bankruptcy Court, 828 F.2d 1385 (9th Cir. 1987); Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir. 1979), cert. denied, 445 U.S. 962 (1980).

### *42 U.S.C. § 1981* Claims

Title VII prohibits employers from discriminating against an individual based on race. 42 U.S.C. § 2000e-2(a)(1) (2003). Similarly, 42 U.S.C. § 1981 prohibits discrimination in the "benefits, privileges, terms and conditions" of employment. 42 U.S.C. § 1981(b); Metoyer v. Chassman, 504 F.3d 919, 935 (9th Cir.2007). 42 U.S.C. § 1981 prohibits race-based

1    employment discrimination in both the public and private sectors.  When analyzing § 1981 courts

2    apply "the same legal principles as those applicable in a Title VII disparate treatment case."

3    Surrell v. California Water Service Co., 518 F. 3d at 1103 (9th Cir. 2008) (quoting Fonseca v.

4    Sysco Food Servs. of Ariz. Inc., 374 F.3d 840, 850 (9th Cir.2004)).   The elements of a section

5    1981 action are therefore the same as those in a Title VII.  While Title VII requires the plaintiff

6    to exhaust administrative remedies as outlined above, section 1981 has no such requirement."

7    Surrell v. California Water Service Co., 518 F. 3d at 1103.

8            **c.  The Ralph Act Claims**

9            The Ralph Act is a California state law which prohibits violence or intimidation by threat

10   of violence committed against any person or property because of a person's sex, race, color,

11   religion, ancestry, national origin, disability, medical condition, marital status, sexual orientation

12   or position in a labor dispute, or because of the perception that a person has one or more of these

13   characteristics.  Cal. Civ. Code § 51.7(a).  The remedies for a Ralph Act civil claim are set forth

14   in Cal. Civ. Code § 52 (b), which provides for actual damages, punitive damages, a civil penalty

15   of $25,000 per plaintiff, attorney's fees and injunctive relief.

16           **d.  Malice**

17           The court has some concerns that Plaintiff may be bringing this action with malice and in

18   the absence of good faith in an attempt to vex the defendants.   The court notes this is the third

19   lawsuit Plaintiff has filed against these individuals.  Additionally,  documents attached to the

20   complaint in Pinzon v. Jensen, et al. 08-cv-1193 LJO-SMS, suggests that Plaintiff has filed a

21   myriad of complaints with several administrative agencies against these same Defendants.

22           The test for maliciousness is a subjective one and requires the court to "determine the . . .

23   good faith of the applicant." Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915); See

24   Wright v. Newsome, 795 F.2d 964, 968, n. 1 (11th Cir. 1986).  A lack of good faith is found most

25   commonly in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to

26   file a multiplicity of suits.  A complaint is malicious if it suggests an intent to vex defendants or

27   abuse the judicial process by relitigating claims decided in prior cases.  Crisafi v. Holland, 655

28   F.2d 1305, 1309 (D.C. Cir. 1981); Phillips v. Carey, 638 F.2d 207, 209 (10th Cir. 1981);

1   Ballentine v. Crawford, 563 F.Supp. 627, 628-629 (N.D. Ind. 1983); cf. Glick v. Gutbrod, 782

2   F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear

3   pattern of abuse of judicial process").  A lack of good faith or malice also can be inferred from a

4   complaint containing untrue material allegations of fact or false statements made with intent to

5   deceive the court.  See Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984)  Plaintiff should

6   consider these principals in deciding whether to file an amended complaint.

7       Finally, if Plaintiff decides to file an amended complaint, he is reminded that an amended

8   complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th

9   Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself

10  without reference to the prior or superceded pleading." Local Rule 15-220.  Plaintiff is warned

11  that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended

12  complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d

13  811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

14  <u>**CONCLUSION**</u>

15      For the above reasons, the complaint is DISMISSED WITH LEAVE TO AMEND.

16  Plaintiff's amended complaint is due within thirty (30) days of the date of service of this order.  If

17  Plaintiff fails to file an amended complaint, the court will recommend that this action be

18  dismissed for failure to follow a court order.

19

20      IT IS SO ORDERED.

21  **Dated:   January 30, 2009**        _____ **/s/ Gary S. Austin** _____
                                          UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28