**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ABRAHAM G. PINZON, | ) | CIV-F-08-1543 AWI GSA |
| Plaintiff, | ) | |
| | ) | **ORDER RE: MOTION TO DISMISS** |
| v. | ) | |
| | ) | |
| RON JENSEN, RON JENSEN CONSTRUCTION, PINECREST MARKET, DAN VAUGHN, and DOES 1-50, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**I. History**[1]

Plaintiff Abraham G. Pinzon performed custom tile work from July to October 2006 on Defendant Vaughn's house. Defendant Vaughn hired Plaintiff for the project; Defendant Jensen was the general contractor for the overall renovations. Defendant Vaughn fired Plaintiff on October 10, 2006. Plaintiff alleges he substantially finished the project and is still owed $1,500 for his work. Plaintiff also alleges Defendants directed racially derogatory remarks at him throughout the period he worked on the project and threatened him when he asked for payment. Plaintiff is of Puerto Rican descent.

---

[1]The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

1

1     Plaintiff filed suit in the small claims division of Superior Court, County of Tuolumne

2  (Case No. SC-15790) against Defendants Vaughn and Jensen.  On the complaint form, Plaintiff

3  stated that the reason Defendants owed him money was that "contractor and home owner

4  welched on final 2 payments for the tile installations received." Doc. 28, Plaintiff's Claim, at 4.

5  A trial was held on January 22, 2007 before Judge Pro Tem Stephen Derkum.  Judge Derkum

6  found in favor of Defendants in a written decision. Doc. 28, Statement of Decision, at 7-10.

7  Specifically, he found that Plaintiff did not have a contractor's license and was working for

8  Defendant Vaughn in the capacity of a contractor.  Cal. Bus. & Prof. Code §7031 absolutely bars

9  any state claim for compensation when an unlicensed individual does work for which he/she

10  should be licensed.  As a losing claimant in small claims court, Plaintiff did not have the ability

11  to file an appeal.

12     Plaintiff first filed suit in federal district court on August 14, 2008 (Pinzon v. Jensen, Civ.

13  Case No. 08-1193).  Plaintiff named Ron Jensen, Ron Jensen Construction, Dan Vaughn,

14  Pinecrest Market, and the Superior Court, County of Tuolumne as defendants.  Plaintiff made

15  claims under the Thirteenth Amendment, Fourteenth Amendment, Title VII of the Civil Rights

16  Act of 1964, the Ralph Act, 42 U.S.C. §1981, and 42 U.S.C. §1983, alleging the defendants

17  failed to pay him for his tile work, subjected him to a hostile work environment, interfered with

18  his right to make contracts, and discriminated against him on the basis of race.  Plaintiff was

19  proceeding pro se and in forma pauperis.  The complaint was screened Magistrate Judge Sandra

20  Snyder pursuant to 28 U.S.C. §1915(e)(2).  Judge Snyder issued a Findings and

21  Recommendation that the suit be dismissed for lack of subject matter jurisdiction under the

22  Rooker-Feldman doctrine.  No objections were filed and District Judge Lawrence O'Neill

23  dismissed the complaint, closing the case on October 1, 2008.

24     Plaintiff filed a second suit in federal district court on October 14, 2009 (the present

25  case).  Plaintiff again named Ron Jensen, Ron Jensen Construction, Dan Vaughn, Pinecrest

26  Market, and the Superior Court, County of Tuolumne as defendants.  Plaintiff made claims under

27  the Thirteenth Amendment, Fourteenth Amendment, Titles II, VI, and VII of the Civil Rights Act

28  of 1964, the Ralph Act, 42 U.S.C. §1981, and 42 U.S.C. §1983, making similar allegations as in

1   the prior federal case.  Plaintiff is again proceeding pro se and in forma pauperis.  The complaint

2   was screened by Magistrate Judge Gary Austin who dismissed it with leave to amend for failure

3   to comply with Fed. R. Civ. Proc. 8(a), reminding Plaintiff of Rooker-Feldman doctrine

4   concerns.  Plaintiff filed an amended complaint (the operative complaint) March 6, 2009.  The

5   amended complaint dropped the County of Tuolumne as a defendant and 42 U.S.C. §1983 as a

6   claim.  Plaintiff is currently making claims under the Titles II, VI, and VII of the Civil Rights Act

7   of 1964, 42 U.S.C. §1981, fraudulent inducement, violation of Unruh and Ralph Acts, common

8   count for unpaid work, breach of contract, and quantum meruit.  Defendants Dan Vaughn and

9   Pinecrest Market have made separate motions to dismiss for failure to state a claim.  Plaintiff

10  opposes the motions.  The matter was taken under submission without oral argument.

11

12                                          **II. Legal Standards**

13          Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the

14  plaintiff's "failure to state a claim upon which relief can be granted."  A dismissal under Rule

15  12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient

16  facts alleged under a cognizable legal theory.  <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir.

17  2001).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

18  factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

19  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

20  of action will not do. Factual allegations must be enough to raise a right to relief above the

21  speculative level, on the assumption that all the allegations in the complaint are true (even if

22  doubtful in fact)....a well-pleaded complaint may proceed even if it strikes a savvy judge that

23  actual proof of those facts is improbable" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555-56

24  (2007), citations omitted.  "[O]nly a complaint that states a plausible claim for relief survives a

25  motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the

26  Court of Appeals observed, be a context-specific task that requires the reviewing court to draw

27  on its judicial experience and common sense. But where the well-pleaded facts do not permit the

28  court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it

1   has not shown that the pleader is entitled to relief." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950

2   (2009), citations omitted.  The court is not required "to accept as true allegations that are merely

3   conclusory, unwarranted deductions of fact, or unreasonable inferences." <u>Sprewell v. Golden</u>

4   <u>State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).  The court must also assume that "general

5   allegations embrace those specific facts that are necessary to support the claim." <u>Lujan v. Nat'l</u>

6   <u>Wildlife Fed'n</u>, 497 U.S. 871, 889 (1990), citing <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957),

7   overruled on other grounds at 127 S. Ct. 1955, 1969.  Thus, the determinative question is

8   whether there is any set of "facts that could be proved consistent with the allegations of the

9   complaint" that would entitle plaintiff to some relief. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S.

10   506, 514 (2002).  At the other bound, courts will not assume that plaintiffs "can prove facts

11   which [they have] not alleged, or that the defendants have violated...laws in ways that have not

12   been alleged." <u>Associated General Contractors of California, Inc. v. California State Council of</u>

13   <u>Carpenters</u>, 459 U.S. 519, 526 (1983).

14          In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited

15   to reviewing only the complaint.  "There are, however, two exceptions....First, a court may

16   consider material which is properly submitted as part of the complaint on a motion to dismiss...If

17   the documents are not physically attached to the complaint, they may be considered if the

18   documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them.

19   Second, under Fed. R. Evid. 201, a court may take judicial notice of matters of public record."

20   <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001), citations omitted.  The Ninth

21   Circuit later gave a separate definition of "the 'incorporation by reference' doctrine, which

22   permits us to take into account documents whose contents are alleged in a complaint and whose

23   authenticity no party questions, but which are not physically attached to the plaintiff's pleading."

24   <u>Knievel v. ESPN</u>, 393 F.3d 1068, 1076 (9th Cir. 2005), citations omitted.  "[A] court may not

25   look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition

26   to a defendant's motion to dismiss. Facts raised for the first time in opposition papers should be

27   considered by the court in determining whether to grant leave to amend or to dismiss the

28   complaint with or without prejudice." <u>Broam v. Bogan</u>, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003),

**4**

1  citations omitted.

2      If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without

3  prejudice, and with or without leave to amend.  "[A] district court should grant leave to amend

4  even if no request to amend the pleading was made, unless it determines that the pleading could

5  not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th

6  Cir. 2000) (en banc), quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).  In other

7  words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX,

8  Inc., 298 F.3d 893, 898 (9th Cir. 2002).

9

10                          **III. Discussion**

11  **A. Subject Matter Jurisdiction**

12      As Judge Austin warned Plaintiff in the Order Dismissing Complaint with Leave to

13  Amend, this federal district court lacks the jurisdiction to review the small claims court

14  proceeding due to the Rooker-Feldman doctrine. Doc. 7, January 30, 2009 Order, at 4:18-21.

15  Courts have had great difficulty conceptualizing and applying this doctrine.  The Ninth Circuit

16  has explained, "We believe that the following general formulation describes the distinctive role

17  of the Rooker-Feldman doctrine in our federal system: If a federal plaintiff asserts as a legal

18  wrong an allegedly erroneous decision by a state court, and seeks relief from a state court

19  judgment based on that decision, Rooker-Feldman bars subject matter jurisdiction in federal

20  district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal

21  act or omission by an adverse party, Rooker-Feldman does not bar jurisdiction." Noel v. Hall,

22  341 F.3d 1148, 1164 (9th Cir. 2003).  In coming to its conclusion, the Ninth Circuit quoted

23  extensively from Seventh Circuit authority: "The Rooker-Feldman doctrine asks: is the federal

24  plaintiff seeking to set aside a state judgment, or does he present some independent claim, albeit

25  one that denies a legal conclusion that a state court has reached in a case to which he was a party?

26  If the former, then the district court lacks jurisdiction; if the latter, then there is jurisdiction and

27  state law determines whether the defendant prevails under principles of preclusion....To put this

28  differently, the injury of which GASH complains was caused by the judgment, just as in Rooker,

                              5

1  <u>Feldman</u>, and <u>Ritter</u>. GASH did not suffer an injury out of court and then fail to get relief from

2  state court." <u>Gash Assocs. v. Rosemont</u>, 995 F.2d 726, 728 (7th Cir. 1993); "The

3  Rooker-Feldman doctrine, generally speaking, bars a plaintiff from bringing a §1983 suit to

4  remedy an injury *inflicted* by the state court's decision....Preclusion, on the other hand, applies

5  when a federal plaintiff complains of an injury that was not caused by the state court, but which

6  the state court has previously failed to rectify." <u>Jensen v. Foley</u>, 295 F.3d 745, 747-48 (7th Cir.

7  2002), emphasis in the original.  The holding in <u>Jensen</u> is particularly helpful in laying out

8  practical guidelines for lower courts to follow.

9       Noting the confusion in case law applying the doctrine, the U.S. Supreme Court has

10  recently held:

11       Federal district courts, we noted, are empowered to exercise original, not appellate,
         jurisdiction. Plaintiffs in <u>Rooker</u> and <u>Feldman</u> had litigated and lost in state court. Their
12       federal complaints, we observed, essentially invited federal courts of first instance to
         review and reverse unfavorable state-court judgments. We declared such suits out of
13       bounds, i.e., properly dismissed for want of subject-matter jurisdiction.

14       The Rooker- Feldman doctrine, we hold today, is confined to cases of the kind from
         which the doctrine acquired its name: cases brought by state-court losers complaining of
15       injuries caused by state-court judgments rendered before the district court proceedings
         commenced and inviting district court review and rejection of those judgments.
16       Rooker-Feldman does not otherwise override or supplant preclusion doctrine or augment
         the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in
17       deference to state-court actions.

18  <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 283-84 (2005).  The Ninth Circuit

19  has interpreted the U.S. Supreme Court's decision in <u>Exxon</u> as consistent with <u>Noel</u>.

20  <u>Manufactured Home Cmtys., Inc. v. City of San Jose</u>, 420 F.3d 1022, 1029 (9th Cir. 2005) ("The

21  Supreme Court affirmed <u>Noel</u>'s approach to Rooker-Feldman in <u>Exxon Mobil Corp. v. Saudi</u>

22  <u>Basic Indus. Corp</u>").

23       In the amended complaint, Plaintiff does not directly state a claim against Judge Durkem,

24  the Superior Court, or the County of Tuolumne for violating his rights.  However, his briefing for

25  these motions suggests otherwise as he has continued to allege that the small claims court itself

26  has harmed him:  "Filing a false document is an illegal activity, in Statement of Decision this Pro

27  Tem only justified the words of his white cronies only while deleting from 'Statement' that

28  Plaintiff complained of racial discrimination: that's communicating with only one side of a

proceeding.... Durkem is a defender and admirer of the local Toulomne Ku Klux Klan chapter. Conflict of Interest is when an individual proves a court claim yet loses a decision because of race preference. A Privy Verdict is no adjudication, it is however fuel on the fire. Durkem tried to hide his fraud with accolades to the Plaintiff. Segregated accomodations in a courthouse is sickening." Doc. 26, Position Statement, at 2:5-15; "Substantiation of Plaintiff's 'Position' will be evidented as admissions from Defendants are covertly omitted from Pro Tem Statement. Upon complete review improprieties are pervasive, judicial decisionmaking, communicating improperly with only one side, filing a false document, interfering with an impending case, prior knowledge obstruction of justice. In the interest of non-redundance Plaintiff will not review any previously noted act or acts claimed to be factual with confidence that this Court will detect the tyranny and lack of basis in fact from tort feasor Durkem.....What is not evident is the bailiff interaction with Defendant during court proceedings and the same bailiff intimmidating Plaintiff during Proceeding." Doc. 28, Additional Statement, at 1:20-2:7.  "This is why 42 U.S.C. Sections 1981 and 1983 are so applicable in this case....Section 1983 reaches counties and municipalities that encroach on rights protected by Section 1981." Doc. 26, Position Statement, at 2:25-3:4.

Further, Plaintiff cites Titles II and VI of the Civil Rights Act of 1964 and California's Unruh Civil Rights Act as part of the basis for his claims. Doc. 9, Amended Complaint, at 2:10-12.  Title II states in relevant part, "All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination on the ground of race, color, religion, or national origin." 42 U.S.C. §2000a.  The Unruh Civil Rights Act states in relevant part, "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code §51(b).  "[T]he Unruh Civil Rights Act has no application to employment discrimination." Rojo v. Kliger, 801 P.2d 373, 380 (Cal. 1990).  The court can only conclude that Plaintiff's Title II and Unruh claims refers to his complaint that "Segregated

1  accomodations in a courthouse is sickening." Doc. 26, Position Statement, at 2:15.  Title VI

2  states in relevant part, "No person in the United States shall, on the ground of race, color, or

3  national origin, be excluded from participation in, be denied the benefits of, or be subjected to

4  discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C.

5  §2000d.  The court can find no allegation in the amended complaint or papers filed with regard to

6  these motions that has to do with Title VI.  Nevertheless, given the nature of Plaintiff's

7  arguments, the Title VI claim appears most plausibly to be related to Plaintiff's disappointment

8  with prior judicial proceedings.

9       In these statements, Plaintiff appears to be asserting that the small claims judgment

10  caused Plaintiff injury.  These are the kinds of claims the court lacks jurisdiction to hear under

11  the Rooker-Feldman doctrine.  Plaintiff is warned that these claims will not be entertained by the

12  court.  The Title II, Title VI, and Unruh claims are dismissed for lack of subject matter

13  jurisdiction.  If the court has misconstrued Plaintiff's claims, Plaintiff needs to seek leave to

14  amend his complaint and explain how these causes of action apply to named Defendants.

15

16  **B. Preclusion**

17       Several of Plaintiff's state claims touch upon issues addressed by the small claims

18  judgement.  "[A] federal court must give to a state-court judgment the same preclusive effect as

19  would be given that judgment under the law of the State in which the judgment was rendered."

20  Migra v. Warren City School Dist. Bd. of Education, 465 U.S. 75, 81 (1984).  "'Res judicata'

21  describes the preclusive effect of a final judgment on the merits. Res judicata, or claim

22  preclusion, prevents relitigation of the same cause of action in a second suit between the same

23  parties or parties in privity with them. Collateral estoppel, or issue preclusion, precludes

24  relitigation of issues argued and decided in prior proceedings. Under the doctrine of res judicata,

25  if a plaintiff prevails in an action, the cause is merged into the judgment and may not be asserted

26  in a subsequent lawsuit; a judgment for the defendant serves as a bar to further litigation of the

27  same cause of action." Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 896-97 (Cal. 2002),

28  citations and quotations omitted.

In prior proceeding, Plaintiff stated that the defendants owed him money since "contractor & home owner welched on final 2 payments for tile installations- received." Doc. 28, Small Claims Complaint, at 4.  Judge Derkum found in favor of Defendants due to Cal. Bus. & Prof. Code §7031, which states "no person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action, or recover in law or equity in any action, in any court of this state for the collection of compensation for the performance of any act or contract where a license is required by this chapter without alleging that he or she was a duly licensed contractor at all times during the performance of that act or contract, regardless of the merits of the cause of action brought by the person." Cal. Bus. & Prof. Code §7031.  Judge Derkum found that Plaintiff lacked a contractor's license and "was acting in the capacity of a contractor when he did this work." Doc. 28, Statement of Decision, at 8:24-25.  As Judge Durkem pointed out, "the statute bars an unlicensed contractor's claim for fraud when the primary deceit alleged is a false promise to pay, and the damages primarily consist of, or are measured by, the price or value of the work and materials furnished." Hydrotech Systems, Ltd. v. Oasis Waterpark, 52 Cal. 3d 988, 992 (1991).  In the amended complaint, Plaintiff states claims based on fraudulent inducement, common count for unpaid work, breach of contract, and quantum meruit.  These are the claims that Judge Derkum adjudicated in favor of Defendants.  Claim preclusion applies and they are dismissed with prejudice.

Defendants also assert that the Title VII claim is barred as "Plaintiff has been determined to have been an independent contractor, not an employee, and an independent contractor may not sue under Title VII." Doc. 18, Vaughn Memorandum, at 17.  "Collateral estoppel precludes relitigation of issues argued and decided in prior proceedings. Traditionally, we have applied the doctrine only if several threshold requirements are fulfilled. First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. The party asserting collateral estoppel

1   bears the burden of establishing these requirements." <u>Lucido v. Superior Court</u>, 51 Cal. 3d 335,

2   341 (Cal. 1990), citations omitted.  As a general matter, small claims court judgements do not

3   give rise to collateral estoppel in California. See <u>Sanderson v. Niemann</u>, 17 Cal. 2d 563, 573-75

4   (Cal. 1941).  However, there is a narrow exception which applies in this case: "the primary

5   concern of the <u>Sanderson</u> line of cases, i.e., that because of the lack of formal procedures, it will

6   not be possible to determine whether a particular issue was actually litigated and decided in the

7   small claims court, does not exist in this case [because the small claims record contains a

8   memorandum of decision]. Moreover, unlike <u>Sanderson</u> and its progeny, this case involves a

9   plaintiff attempting to relitigate an issue that was decided against him in his chosen forum. Under

10  these circumstances, we conclude that the concerns that led the <u>Sanderson</u> court to preclude the

11  application of collateral estoppel to small claims judgments are inapposite." <u>Pitzen v. Superior</u>

12  <u>Court</u>, 120 Cal. App. 4th 1374, 1386 (Cal. App. 4th Dist. 2004); accord <u>Greene v. Hayward</u>,

13  2006 U.S. Dist. LEXIS 33574, *9-10 (E.D. Cal. May 17, 2006) (applying <u>Pitzen</u> exception).

14       Defendants are correct in asserting "Title VII protects employees, but does not protect

15  independent contractors." <u>Adcock v. Chrysler Corp.</u>, 166 F.3d 1290, 1292 (9th Cir. 1999).  In his

16  written opinion, Judge Durkem stated that "Although Pinzon testified he was an employee, the

17  actual facts show that he was an independent contractor." Doc. 28, Statement of Decision, at 9:2-

18  3.  The issue (independent contractor status) is the same in the two proceedings.  It was actually

19  litigated as shown by the fact that Plaintiff presented testimony as to his status of employee.  As

20  part of his decision, Judge Durkem noted that Cal. Bus. & Prof. Code §7031's total bar to

21  recovery does not apply to employees pursuant to Cal. Bus. & Prof. Code §7053.  Thus,

22  Plaintiff's status as an independent contractor and not an employee was necessarily decided as

23  part of judgement for Defendants.  Judge Durkem's decision is final and on the merits as a losing

24  plaintiff in small claims court may not appeal. See Cal. Civ. Proc. Code §116.710(a).  Privity

25  exists.  Issue preclusion applies, and the Title VII claim is dismissed with prejudice.

26

27  **C. Remaining Claims**

28       Under the title of "workplace racial discrimination," Plaintiff "alleges that Defendants

1   and each of them engaged in workplace discrimination based upon Plaintiff's race." Doc. 9,

2   Amended Complaint, at 3:15-17.  Though the Title VII cause of action is precluded, the cause of

3   action comprises a 42 U.S.C. §1981 claim.  "All persons within the jurisdiction of the United

4   States shall have the same right in every State and Territory to make and enforce contracts, to

5   sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the

6   security of persons and property as is enjoyed by white citizens, and shall be subject to like

7   punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42

8   U.S.C. §1981(a).  Of note, the Civil Rights Act of 1991 added language which specified "For

9   purposes of this section, the term 'make and enforce contracts' includes the making,

10  performance, modification, and termination of contracts, and the enjoyment of all benefits,

11  privileges, terms, and conditions of the contractual relationship." 42 U.S.C. §1981(b).  For

12  Section 1981 employment claims, the Ninth Circuit applies ""the same legal principles as those

13  applicable in a Title VII disparate treatment case." Fonseca v. Sysco Food Servs. of Ariz. Inc.,

14  374 F.3d 840, 850 (9th Cir. 2004), citations omitted.  No exhaustion of administrative procedure

15  is required: "Where conduct is covered by both §1981 and Title VII, the detailed procedures of

16  Title VII are rendered a dead letter, as the plaintiff is free to pursue a claim by bringing suit under

17  §1981 without resort to those statutory prerequisites." Patterson v. McLean Credit Union, 491

18  U.S. 164, 181 (1989), statutorily overruled on other grounds; accord Surrell v. Cal. Water Serv.,

19  518 F.3d 1097, 1104 (9th Cir. 2008).  As Plaintiff's claim is based upon the language added in

20  1991, the applicable statue of limitations is the catch-all four years provided in 28 U.S.C.

21  §1658(a). See Jones v. R. R. Donnelley & Sons Co., 541 U.S. 369, 384 (2004).  Defendants do

22  not address the Section 1981 claim and do not challenge the sufficiency of the allegations.  There

23  appears to be no legal reason Plaintiff can not pursue this cause of action.

24      Plaintiff alleges "Defendant also made threats of violence against the Plaintiff when

25  Plaintiff demanded payment." Doc. 9, Amended Complaint, at 3:6-7.  California's Ralph Civil

26  Rights Act states in relevant part, "All persons within the jurisdiction of this state have the right

27  to be free from any violence, or intimidation by threat of violence, committed against their

28  persons or property because of political affiliation, or on account of [sex, race, color, religion,

1  ancestry, national origin, disability, medical condition, marital status, or sexual orientation], or

2  position in a labor dispute, or because another person perceives them to have one or more of

3  those characteristics." Cal. Civ. Code §51.7(a).  "Whoever denies the right provided by Section

4  51.7 or 51.9, or aids, incites, or conspires in that denial, is liable for each and every offense for

5  the actual damages suffered by any person denied that right and, in addition, the following: (1)

6  An amount to be determined by a jury, or a court sitting without a jury, for exemplary damages.

7  (2) A civil penalty of twenty-five thousand dollars ($25,000) to be awarded to the person denied

8  the right provided by Section 51.7 in any action brought by the person denied the right, or by the

9  Attorney General, a district attorney, or a city attorney. An action for that penalty brought

10  pursuant to Section 51.7 shall be commenced within three years of the alleged practice. (3)

11  Attorney's fees as may be determined by the court." Cal. Civ. Code §52(b).  In contrast to Unruh,

12  "nothing in either the language of sections 51.7 and 52.1 or in their history expresses a legislative

13  intent to exclude employment discrimination or other employment cases from their ambit."

14  Stamps v. Superior Court, 136 Cal. App. 4th 1441, 1460 (Cal. App. 2d Dist. 2006).  The court

15  can find no case law that suggests Cal. Bus. & Prof .Code §7031 bars recovery under the Ralph

16  Act.  Defendants do not address the Ralph claim and do not challenge the sufficiency of the

17  allegations.  There appears to be no reason Plaintiff can not pursue this cause of action.

18

19                                             **IV. Order**

20          Defendants' motions to dismiss are GRANTED in part and DENIED in part.  All of

21  Plaintiff's causes of action except his 42 U.S.C. §1981 claim (first cause of action) and Ralph

22  Civil Rights Act claim (third cause of action) are DISMISSED as to all Defendants.  The Title II,

23  Title VI, and Unruh Civil Rights Act claims are dismissed for lack of subject matter jurisdiction.

24  The Title VII, fraudulent inducement, common counts, breach of contract, and quantum meruit

25  claims are dismissed with prejudice.  Plaintiff is not granted leave to amend.

26  IT IS SO ORDERED.

27  **Dated:    November 20, 2009                    /s/ Anthony W. Ishii**
                                        CHIEF UNITED STATES DISTRICT JUDGE
28