# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ABRAHAM G. PINZON, | ) | 1:08-cv-1543 AWI GSA |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE |
| v. | ) | |
| ROB JENSEN, et al., | ) | (Doc. 36) |
| | ) | |
| Defendants. | ) | |

On March 6, 2009, Plaintiff filed a First Amended Complaint alleging various causes of action related to the alleged discrimination and employment practices against Defendants Ron Jensen, Jon Jensen Construction, Pinecrest Market, and Dan Vaughn. (Doc. 9). The First Amended Complaint was served on Defendants Rob Jensen, Jensen Construction, and Pinecrest Market. (Docs. 17, 23, 25). On February 8, 2010, Plaintiff Abraham G. Pinzon ("Plaintiff") filed a motion for entry of default judgment against these Defendants Rob Jensen, Jensen Construction, and Pinecrest Market. The Court denies Plaintiff's motion without prejudice.

Plaintiff brings his motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). However, prior to bringing a motion under rule 55(b)(2), the Clerk must enter default pursuant to Rule 55(a) which provides as follows:

> Entering a Default : When a party against whom affirmative relief is sought has failed to plead or otherwise defendant, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Therefore, prior to filing a motion for default judgment, a clerk's entry of default must be obtained.

Additionally, the Court notes that Plaintiff has requested default judgment against Pinecrest Market, however, Pinecrest Market has made an appearance in this action by filing a Motion to Dismiss as well as an answer. (Docs. 21, 30, and 35). Therefore, an entry of default or a motion for default judgment against Pinecrest Market is not appropriate.

Finally, Plaintiff is advised that if he files another motion for default judgment, Judge Ishii has already dismissed all of the claims in this action against all of the Defendants except for the alleged violation of 42 U.S.C. § 1981( the first cause of action) as well as the Ralph Civil Rights Act claim (the third cause of action). (Doc 33 at pg. 12). Moreover, an application for default judgment qualifies as a motion pursuant to Rule 7(b)(1) of the Federal Rules of Civil Procedure, and Local Rule 101, and it should include briefs pursuant to Local Rule 230(b). Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986). Thus, when seeking a motion for default judgment, a plaintiff should provide the Court with points and authorities addressing these factors and should also include citations to authority showing that Plaintiff's claim or claims include allegations of all the necessary elements required for entitlement to relief.

Here, Plaintiff's pleading does not address these issues. Based on the above, Plaintiff's motion for default judgment is DENIED without prejudice.

IT IS SO ORDERED.

Dated:     **February 11, 2010**                    **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE

3