1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| 11 ABRAHAM G. PINZON, | CASE NO. 1:08-cv-01543-AWI-SKO |
| 12        Plaintiff, | **ORDER SETTING MANDATORY SCHEDULING CONFERENCE** |
| 13   v. | **DATE:  January 6, 2011** |
| 14 DAN VAUGHN and PINECREST MARKET, | **TIME:    9:30 a.m.** |
| 15 | **CTRM: # 8 (6th Floor)** |
| 16       Defendants. | **SHEILA K. OBERTO** |
| 17                   / | **U.S. MAGISTRATE JUDGE** |

18

19       It has come to the Court's attention that a scheduling conference has not yet been conducted

20  in this matter.  It is, therefore, ordered that the parties appear for a formal Scheduling Conference

21  before United States Magistrate Judge Sheila K. Oberto, in Courtroom 8 at the United States

22  Courthouse, 2500 Tulare Street, Fresno, CA 93721.

23       Attendance at the Scheduling Conference is *mandatory* upon each party not represented by

24  counsel or, alternatively, by retained counsel.  Only counsel who are thoroughly familiar with the

25  facts and the law of the instant case, and who have full authority to bind his or her client, shall

26  appear.  Trial counsel should participate in this Scheduling Conference whenever possible.  It may

27  be necessary for counsel to spend up to forty-five (45) minutes in this Conference.

28

1    A Joint Scheduling Report, carefully prepared and executed by the parties or their counsel,

2 shall be electronically filed in CM/ECF, one (1) full week prior to the Scheduling Conference, and

3 shall be e-mailed, in WordPerfect or Word format, to skoorders@caed.uscourts.gov.

4    For reference purposes, the Court requires that the parties' Joint Scheduling Report indicate

5 the date, time, and courtroom of the Scheduling Conference opposite the caption on the first page

6 of the Report.

7    Among other things, the parties will be expected to discuss the possibility of settlement. The

8 parties are to thoroughly discuss settlement with each other before undertaking the preparation of

9 the Joint Scheduling Report and engaging in extensive discovery.  However, even if settlement

10 negotiations are progressing, the parties are expected to comply with the requirements of this Order

11 unless otherwise excused by the Court.  If the case is settled, please **promptly** inform the Court, and

12 the parties' presence, as well as the Joint Scheduling Report, will not be required.

13    **The parties may request that their attendance be by telephonic conference**.  If both

14 parties wish to appear telephonically, the parties shall decide which will be responsible for making

15 prior arrangements for the conference call and shall initiate the call at the above-designated time.

16 After all parties are on the line, the call should then be placed to Judge Oberto's chambers at 559-

17 499-5970.  Additionally, the parties are directed to indicate on the face of their Joint Scheduling

18 Report that the conference will be telephonic.

19    At least twenty (20) days prior to the Mandatory Scheduling Conference, the parties – either

20 pro se or through their trial counsel – shall conduct and conclude a conference at a time and place

21 arranged by the parties ("Rule 26(f) conference").  This conference should preferably be a personal

22 conference between the parties but, due to the distances involved in this District, a telephonic

23 conference call involving both parties or their counsel is permissible.  The Joint Scheduling Report

24 shall respond to the following items by corresponding numbered paragraphs:

25    **Form and Contents of the Joint Scheduling Report**

26    1.    Summary of the factual and legal contentions set forth in the pleadings of each party,

27 including the relief sought by any party presently before the Court.

28    2.    Any proposed amendment to the pleadings presently on file shall be filed by its

2

1 proponent contemporaneously with the Scheduling Conference Report.  If the matter cannot be

2 resolved at the Scheduling Conference, the matter will be set as a Motion to Amend in accordance

3 with the Rules of Practice of the Eastern District of California. A proposed deadline for amendments

4 to pleadings shall be included.

5       3.    A summary detailing the uncontested and contested facts.

6       4.    A summary of the legal issues as to which there is no dispute, e.g., jurisdiction, venue,

7 applicable federal or state law, etc., as well as summary of the disputed legal issues.

8       5.    The status of all matters which are presently set before the Court, e.g., hearings of

9 motions, etc.

10       6.    A complete and detailed discovery plan addressing the following:

11     a.    A date for the exchange of initial disclosures required by Fed. R. Civ. P.

12       26(a)(1) or a statement that disclosures have already been exchanged;

13     b.    A firm cut-off date for non-expert discovery;

14     c.    A firm date for disclosure of expert witnesses as required by Fed. R. Civ. P.

15       26(a)(2);

16     d.    A firm cut-off date for expert witness discovery;

17     e.    Any proposed changes in the limits on discovery imposed by Fed. R. Civ. P.

18       26(b) 30(a)(2)(A), (B) or (C); 30(d); or 33(a);

19     f.    Whether the parties anticipate the need for a protective order relating to the

20       discovery of information relating to a trade secret or other confidential

21       research, development, or commercial information;

22     g.    Any issues or proposals relating to the timing, sequencing, phasing or

23       scheduling of discovery;

24     h.    Whether the parties anticipate the need to take discovery outside the United

25       States and, if so, a description of the proposed discovery;

26     i.    Whether any party anticipates video and/or sound recording of depositions;

27       and

28     j.    Whether the parties foresee a need for a Mid-Discovery Status Report and

1  Conference and, if so, a proposed date for conducting the conference.

2  7.  Discovery relating to Electronic, Digital and/or Magnetic data.

3  Prior to a Fed. R. Civ. P. 26(f) conference, counsel should carefully investigate their

4  respective client's information management system so that they are knowledgeable as to its operating,

5  including how information is stored and how it can be retrieved.  Counsel shall also conduct a

6  reasonable review of their respective client's computer files to ascertain the contents thereof,

7  including archival and legacy data (outdated formats or media), and disclose in initial discovery

8  (self-executing routine discovery) the computer-based evidence which may be used to support claims

9  or defenses.  A party seeking discovery of computer-based information shall notify the opposing

10  party immediately, but no later than the Fed. R. Civ. P. 26(f) conference, of that fact and identify as

11  clearly as possible the categories of information which may be sought.

12  8.  Duty to Meet and Confer.  The parties shall meet and confer regarding the following

13  matters during the Fed. R. Civ. P. 26(f) conference:

14  a.  Computer-based information (in general): The parties shall attempt to agree

15  on steps the parties will take to segregate and preserve computer-based

16  information in order to avoid accusations of spoliation.

17  b.  E-mail information: The parties shall attempt to agree as to the scope of e-

18  mail discovery and attempt to agree upon an e-mail search protocol.  This

19  should include an agreement regarding inadvertent production of privileged

20  e-mail messages.

21  c.  Deleted information: The parties shall confer and attempt to agree whether

22  or not restoration of deleted information may be necessary, the extent to

23  which restoration of deleted information is needed, and who will bear the

24  costs of restoration; and

25  d.  Back-up data: The parties shall attempt to agree whether or not back-up data

26  may be necessary, the extent to which backup data is needed and who will

27  bear the cost of obtaining back-up data.

28  ///

4

9.      Dates agreed to by all counsel for:

       a.      Filing non-dispositive and dispositive pre-trial motions with the understanding that motions (exception motions in *limine* or other trial motions) will not be entertained after the agreed upon date which shall be no later than 10 weeks prior to the proposed Pre-Trial Conference date.

       b.      Pre-Trial Conference Date. (This date shall be no later than 45 days prior to the proposed trial date.)

       c.      Trial date.

All of these dates should be considered firm dates. Dates should be set to allow the court to decide any matters under submission before the Pre-Trial Conference is set.

10.     At the conference referred to above, counsel are encouraged to discuss settlement, and the Court will expect a statement in the Joint Scheduling Report as to the possibility of settlement. The parties shall indicate when they desire a settlement conference is desired, e.g., before further discovery, after discovery, after pre-trial motions, etc.

11.     A statement as to whether the case is a jury or non-jury case. If the parties disagree as to whether a jury trial has been timely demanded or whether one is available on some or all of the claims, the statement shall include a summary of each party's position.

12.     An estimate of the number of trial days is required. If the parties cannot agree, each party shall give his or her best estimate. In estimating the number of trial days, the parties should keep in mind that this court is normally able to devote the entire day to trial.

13.     Whether either party requests bifurcation or phasing of trial or has any other suggestion for shortening or expediting discovery, pre-trial motions or trial.

14.     Whether this matter is related to any matter pending in this court or any other court, including bankruptcy court.

15.     Joint Scheduling Reports are to be e-mailed, in WordPerfect or Word format, to skoorders@caed.uscourts.gov.

**Should counsel or a party appearing pro se fail to appear at the Mandatory Scheduling Conference, or fail to comply with the directions as set forth above, an ex parte hearing may**

**be held and judgment of dismissal, default, or other appropriate judgment may be entered, or**

**sanctions, including contempt of court, may be imposed and/or ordered.**

IT IS SO ORDERED.

**Dated:    November 23, 2010**                               /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE