# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM G. PINZON, | CASE NO. 1:08-cv-01543-AWI-SKO |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF A SPECIAL MASTER** |
| v. | |
| RON JENSEN, et al., | |
| Defendants. | (Docket No. 49) |

On February 14, 2011, Plaintiff filed a request seeking appointment of a special master. (Doc. 49.) Plaintiff states that the benefits of a special master would be "immense for all [parties]" and would "level the playing field." (*Id*.) Plaintiff also asserts that "a difficult computation of damages can be more easily resolved" with the appointment of a special master. Further, Plaintiff asserts that the appointment of a special master is appropriate in light of "[t]he crush of the task for the Plaintiff as a disabled pauper."

On February 17, 2011, Defendant Dan Vaughn filed a response to Plaintiff's request asserting that this is not a complex case and that the need for a special master is not apparent. Further, Defendant Vaughn asserts that he "would be reluctant to pay" for the services of a special master. (Doc. 50.)

With respect to the appointment of special masters, Federal Rule of Civil Procedure 53 provides, in relevant part:

(1) Scope. Unless a statute provides otherwise, a court may appoint a master only to:

    (A)    perform duties consented to by the parties;

    (B)    hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:

        (i)    some exceptional condition; or

        (ii)    the need to perform an accounting or resolve a difficult computation of damages; or

    (C)    address pretrial and post trial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

Fed. R. Civ. P. 53(a)(1)(A)-(C).

The Court finds that the appointment of a special master is not necessary in this case. Plaintiff states that "a difficult computation of damages can be more easily resolved" with the appointment of a special master, but has not pointed to any difficult computation of damages with which the Court is presented. Moreover, the Court cannot conclude that there are any issues in this litigation that cannot be addressed by the district judge or the magistrate judge. Fed. R. Civ. P. 53(a)(1)(C).

Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's request for the appointment of a special master is DENIED.

IT IS SO ORDERED.

**Dated:   March 9, 2011**                   /s/ Sheila K. Oberto
                                                         UNITED STATES MAGISTRATE JUDGE