## UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM G. PINZON, | CASE NO. 1:08-cv-01543-AWI-SKO |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | |
| RON JENSEN, et al, | (Docket 67) |
| Defendants. | |

### I. INTRODUCTION

Plaintiff Abraham G. Pinzon ("Plaintiff") initially filed suit in the small claims division of the Superior Court, County of Tuolumne (the "Superior Court") (Case No. SC-15790) against Defendants Dan Vaughn ("Vaughn") and Ron Jensen ("Jensen") for failure to pay for contractor services. On January 22, 2007, the court ruled against Plaintiff and found that he did not have a contractor license and thus could not receive compensation; pursuant to Cal. Bus. & Prof. Code Section 7031, a claim is barred for compensation by an unlicensed contractor for work done requiring a license. (Doc. 28.)

On August 14, 2008, Plaintiff filed suit in federal district court (Case No. 1:08-cv-1193) against defendants Jensen, Ron Jensen Construction ("Jensen Construction"), Vaughn, Pinecrest Market ("Pinecrest"), and the Superior Court, alleging claims under the Thirteenth Amendment,

Fourteenth Amendment, Title VII of the Civil Rights Act of 1964, the Ralph Act, 42 U.S.C. §1981, and 42 U.S.C. §1983. Plaintiff was proceeding pro se and in forma pauperis and, as such, the case was screened pursuant to 28 U.S.C. § 1915(e)(2). Magistrate Judge Sandra Snyder issued Findings and Recommendations that the suit be dismissed for lack of subject matter jurisdiction. No objections were filed and District Judge Lawrence O'Neill dismissed the complaint, closing the case on October 1, 2008. (Case No. 08-cv-1193, Docs. 2-5.)

On October 14, 2009, Plaintiff, proceeding pro se and in forma pauperis, filed the instant action, alleging claims under the Thirteenth Amendment, Fourteenth Amendment, Titles II, VI, and VII of the Civil Rights Act of 1964, the Ralph Civil Rights Act (Cal Civ. Code § 51.7(a)), 42 U.S.C. § 1981, and 42 U.S.C. § 1983 against Jensen, Jensen Construction, Vaughn, Pinecrest, and Superior Court. (Docs. 1, 2.) The complaint was screened and dismissed with leave to amend by Magistrate Judge Gary Austin for failure to comply with Fed. R. Civ. Proc. 8(a). (Doc. 7.) The first amended complaint was filed on March 6, 2009, dropping the Superior Court as a defendant and alleging claims for violation of Titles II, VI, and VII of the Civil Rights Act, violation of 42 U.S.C. § 1981, fraudulent inducement, violation of Unruh and Ralph Acts, common count for unpaid work, breach of contract, and quantum meruit. (Doc. 9.) Only Vaughn and Pinecrest answered; however, Plaintiff has not obtained a default against Jensen or Jensen Construction. (Docs. 18, 21, 38.)

On November 23, 2009, District Judge Anthony W. Ishii ruled on the motions to dismiss brought by Vaughn and Pinecrest, dismissing without leave to amend all of Plaintiff's claims except for those arising under 42 U.S.C. § 1981 and the Ralph Act. (Doc. 33.) These are thus the only claims currently before the Court. Vaughn filed a motion for summary judgment on April 8, 2011, scheduled for hearing on May 23, 2011, and Pinecrest filed a motion for summary judgment on May 11, 2011, scheduled for hearing on June 20, 2011. (Docs. 55, 68.)

On May 5, 2011, Plaintiff filed this motion requesting appointment of counsel. (Doc. 67.)

## II.  DISCUSSION

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel. *Mallard v. U.S. Dist. Court*

*for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

A civil litigant may be entitled to appointed counsel if he demonstrates both indigence and exceptional circumstances. When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), *cert. denied*, 130 S. Ct. 1282 (2010). Neither of these considerations is dispositive and instead must be viewed together. *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, although Plaintiff is proceeding in forma pauperis, he has not demonstrated exceptional circumstances warranting the appointment of counsel. Plaintiff has a sufficient grasp of his case and is able to articulate how he believes he was wronged by Defendants. As discussed below, Plaintiff has also failed to demonstrate a likelihood of success on the merits on his remaining claims against either Defendant.

Plaintiff asserts a claim for workplace racial discrimination. (Doc. 9, ¶ 7.) Section 1981(a), Title 42 of the U.S. Code provides as follows:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). The term make and enforce contracts "includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b).

Any claim brought pursuant to Section 1981 requires "an impaired 'contractual relationship' under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) (citations omitted). Plaintiff alleges racial employment discrimination, which purportedly occurred while he performed construction work on Vaughn's residence. There does not appear to be a contractual relationship between Plaintiff and Pinecrest. Further, Plaintiff has not submitted

evidence to support his opposition to Vaughn's motion for summary judgment.[1] As such, Plaintiff has not shown that he is likely to prevail on the merits of his Section 1981 claim.

Plaintiff also asserts a State-law Ralph Act claim, alleging that Vaughn made violent threats against Plaintiff when Plaintiff demanded payment for his work. (Doc. 9, ¶ 9.) Section 51.7(a) of the California Civil Code provides in pertinent part:

> All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation, or on account [sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation], or position in a labor dispute, or because another person perceives them to have one or more of those characteristics.

Plaintiff fails to show Pinecrest's involvement with these purported threats and, again, submits no evidence to support his opposition to Vaughn's motion for summary judgment. As such, Plaintiff has not established the likelihood that he will prevail on the merits of his Ralph Act claim.

Plaintiff specifically requested counsel based upon his Title VII claim. (Doc. 67, p. 2). However, as noted *supra*, that claim was dismissed with prejudice by the Court on November 23, 2009, and thus cannot be considered a basis for which Plaintiff may request counsel.

For these reasons, the record does not reflect exceptional circumstances which warrant the appointment of counsel. Plaintiff's motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **May 18, 2011**             /s/ Sheila K. Oberto
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] While Plaintiff asserts in his opposition to Vaughn's motion for summary judgment that he will "prevail in [the] upcoming 4-5 day trial" and that he has "volumes of evidentiary matter" from Defendants, Plaintiff submits no evidence to support his claims.   (Doc. 63, 1:26, 3:10-11.)

4