1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM G. PINZON,<br><br>        **Plaintiff**,<br><br>  v.<br><br>RON JENSEN, RON JENSEN<br>CONSTRUCTION, PINECREST<br>MARKET, DAN VAUGHN, and DOES 1-<br>50,<br><br>        **Defendants**. | CIV-F-08-1543 AWI SKO<br><br>**ORDER RE: RECONSIDERATION** |

## I. History

Plaintiff Abraham G. Pinzon met and spoke with Defendant Dan Vaughn at the Strawberry Inn restaurant/bar in July 2006. Defendant Vaughn was renovating his private residence at the time. Defendant Ron Jensen was the general contractor on the project. After speaking with Pinzon at the Strawberry Inn, Vaughn hired him to do tile work on the project. Vaughn is part owner of Defendant Pinecrest Market, a general store. Vaughn also works as a clerk or manager of the store and is regularly found at that location. Pinzon, bringing a record of the hours he worked that week, would approach Vaughn on Friday afternoons at Pinecrest Market to be paid. Vaughn would take money out of the till of Pinecrest Market to pay Pinzon.

One Friday in August, Pinzon approached Vaughn at night at the Strawberry Inn.  Pinzon asked to be paid and Vaughn refused to pay him.  Pinzon insisted and Vaughn allegedly threatened to shoot him.   The next day Pinzon, Jensen, and Vaughn met to discuss the problem at the residence; Pinzon was paid.  Pinzon continued to work on the project and be paid on Fridays.  Vaughn began to complain about the quality of Pinzon's work and the amount of time the tile work was taking.  Pinzon was not paid on October 7, 2006.  On October 10, Vaughn approached Pinzon at the residence and fired him.  Vaughn and Jensen told Pinzon that he was a tresspasser who had to leave.  When Pinzon asked to be paid for his work over the last ten days, Vaughn is alleged to have said, "sue me nigger."  Pinzon is of Puerto Rican ethnicity.

Pinzon filed suit in the small claims division of Superior Court, County of Tuolumne (Case No. SC-15790) against Defendants Vaughn and Jensen.  On the complaint form, Pinzon stated that the reason Defendants owed him money was that "contractor and home owner welched on final 2 payments for the tile installations received." Doc. 28, Pinzon's Claim, at 4.  A trial was held on January 22, 2007 before Judge Pro Tem Stephen Derkum.  Judge Derkum found in favor of Defendants in a written decision. Doc. 28, Statement of Decision, at 7-10.  Specifically, he found that Pinzon did not have a contractor's license and was working for Vaughn in the capacity of a contractor.  Cal. Bus. & Prof. Code §7031 absolutely bars any state claim for compensation when an unlicensed individual does work for which he/she should be licensed.  As a losing claimant in small claims court, Pinzon did not have the ability to file an appeal.

Pinzon first filed suit in federal district court on August 14, 2008 (Pinzon v. Jensen, Civ. Case No. 08-1193).  Pinzon named Ron Jensen, Ron Jensen Construction, Dan Vaughn, Pinecrest Market, and the Superior Court, County of Tuolumne as defendants.  Pinzon made claims under the Thirteenth Amendment, Fourteenth Amendment, Title VII of the Civil Rights Act of 1964, the Ralph Act, 42 U.S.C. §1981, and 42 U.S.C. §1983, alleging the Defendants failed to pay him for his tile work, subjected him to a hostile work environment, interfered with his right to make contracts, and discriminated against him on the basis of race.  Pinzon was proceeding pro se and in forma pauperis.  The complaint was screened Magistrate Judge Sandra

1   Snyder pursuant to 28 U.S.C. §1915(e)(2).  Judge Snyder issued a Findings and

2   Recommendation that the suit be dismissed for lack of subject matter jurisdiction under the

3   Rooker-Feldman doctrine.  No objections were filed and District Judge Lawrence O'Neill

4   dismissed the complaint, closing the case on October 1, 2008.

5       Pinzon filed a second suit in federal district court on October 14, 2009 (the present case).

6   Pinzon again named Ron Jensen, Ron Jensen Construction, Dan Vaughn, Pinecrest Market, and

7   the Superior Court, County of Tuolumne as defendants.  Pinzon made claims under the

8   Thirteenth Amendment, Fourteenth Amendment, Titles II, VI, and VII of the Civil Rights Act of

9   1964, the Ralph Act, 42 U.S.C. §1981, and 42 U.S.C. §1983, making similar allegations as in the

10   prior federal case.  Pinzon is again proceeding pro se and in forma pauperis.  Through screening

11   and a motion to dismiss, the only claims left are the Ralph Act and 42 U.S.C. §1981 claims

12   against Defendants Ron Jensen, Ron Jensen Construction, Dan Vaughn, and Pinecrest Market.

13       Pinzon sought to have counsel appointed on his behalf. Doc. 67.  Magistrate Judge Sheila

14   Oberto denied the request. Doc. 69.  Pinzon now seeks reconsideration of the denial. Doc. 71.

15

16                    **II. Legal Standards**

17       Federal Rules of Civil Procedure 72(a) allows a party to serve and file objections to a

18   Magistrate Judge's nondispositive order within ten days.  Motions to reconsider are committed to

19   the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983), en banc.  To

20   succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to

21   reverse its prior decision. Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665

22   (E.D. Cal. 1986).  When filing a motion for reconsideration,  Local Rule 230(j) requires a party

23   to show the "new or different facts or circumstances claimed to exist which did not exist or were

24   not shown upon such prior motion, or what other grounds exist for the motion."  The court

25   reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or

26   contrary to law" standard set forth in 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a).  "A finding

27   is 'clearly erroneous' when although there is evidence to support it, the reviewing court, after

28   reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been

                                3

committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); see also Anderson v. Equifax Info. Services LLC, 2007 WL 2412249, at *1 (D. Or. 2007) ("Though Section 636(b)(1)(A) has been interpreted to permit de novo review of the legal findings of a magistrate judge, magistrate judges are given broad discretion on discovery matters and should not be overruled absent a showing of clear abuse of discretion").

### III. Discussion

To succeed in his motion, Pinzon must show that the Magistrate Judge's denial of his request for counsel was clearly erroneous or contrary to law.  There is no constitutional right to counsel in a civil case. Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981).  Title 28 U.S.C. §1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding is forma pauperis. 28 U.S.C. § 1915(e)(1).  The court may ask counsel to represent an indigent litigant under Section 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009), citing Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Judge Oberto found that Pinzon "has not demonstrated exceptional circumstances warranting the appointment of counsel. Plaintiff has a sufficient grasp of his case and is able to articulate how he believes he was wronged by Defendants." Doc. 69, at 3:10-12.  Judge Oberto's order was not clear error.  The facts of this case are straightforward and the disputes are ones of credibility.  There are no novel or complex issues of law.  Pinzon claims that his Section 1983 cause of action against the Superior Court, County of Tuolumne was "dropped, not for lack of proper claims or evidence. Lack of REPRESENTATION was the only reason. Sonora court deserves participation in this matter" Doc. 71, at 1:24-26.  The court assures Pinzon that this is not the case.  The court has already examined the matter and concluded that such claims can not be brought against the Superior Court. Doc. 33, at 8:9-12.  Overall, Pinzon is correct that he would be served by the assistance of counsel, and the court is not unsympathetic to his desire for

counsel.  However, the Ninth Circuit has recognized that "any pro se litigant certainly would be better served with the assistance of counsel," and as such the Pinzon must "show that because of the complexity of the claims he was unable to articulate his positions." <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997).  With respect to the remaining claims, Pinzon has made no such showing.

### IV. Order

Plaintiff Pinzon's request for reconsideration is DENIED.


IT IS SO ORDERED.

Dated:    August 12, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE