# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM G. PINZON,       )<br>                                                    )<br>     Plaintiff,                              )<br>                                                    )<br>  v.                                            )<br>                                                    )<br>RON JENSEN, RON JENSEN    )<br>CONSTRUCTION, PINECREST  )<br>MARKET, DAN VAUGHN, and DOES 1- )<br>50,                                            )<br>                                                    )<br>     Defendants.                          )<br>_____ ) | CIV-F-08-1543 AWI SKO<br><br>ORDER VACATING HEARING DATE OF FEBRUARY 21, 2012 AND DENYING MOTIONS FOR RECONSIDERATION<br><br>(Docs. 84 and 85) |

Defendant Dan Vaughn was renovating his house. Defendant Ron Jensen was the general contractor on the project. In July 2006, Vaughn hired Plaintiff Abraham Pinzon to do tile work as part of the renovation. Vaughn paid Pinzon weekly, often taking money from the cash register at Defendant Pinecrest Market where Vaughn was the part owner/general manager. On October 10, 2006, Vaughn fired Pinzon. Pinzon alleges that Vaughn did not pay him his full wages and further made threatening/racially charged remarks.

Pinzon first filed suit in small claims court. The court found for Defendants. Pinzon then filed suit in the Eastern District of California, alleging racial discrimination. Defendants Ron Jensen and Ron Jensen Construction have filed no answer to the complaint. Pinzon is proceeding pro se and sought to have counsel appointed by the court. Magistrate Judge Oberto denied Pinzon's motion. Doc. 69. Pinzon sought reconsideration, which was denied. Doc. 75. Vaughn and Pinecrest Market made motions for summary judgment. Pinzon filed an opposition to Vaughn's motion but no opposition to Pinecrest Market's motion. The court found the opposition insufficient as it was not backed by evidence and granted him an additional

opportunity to provide an opposition in light of his pro se status. Doc. 73.  Pinzon did not do so, and the motions were taken under submission without oral argument.  The court ultimately granted summary judgment in favor of both Vaughn and Pincrest Market. Doc. 76.  The court then required Pinzon to take action with respect to his suit against Jensen and Ron Jensen Construction.  Pinzon failed to do so and a hearing on dismissal for lack of prosecution was scheduled for February 21, 2012.

Pinzon has now filed three motions: a motion to amend his complaint to include allegations of disability-based discrimination, a motion to reconsider denial of appointed counsel, and a motion to reconsider grant of summary judgment. Docs. 83, 84, and 85.  A motion to amend the complaint is properly addressed to the Magistrate Judge.  This order addresses the two reconsideration motions.  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), citations omitted.

In the prior order, the court determined that "The facts of this case are straightforward and the disputes are ones of credibility. There are no novel or complex issues of law." Doc. 75, at 4:21-22.  Pinzon argues "Defense states to this Court 'case is not a complex' case, yet tells Court it would be a 4-5 day trial." Doc. 84, at 1:25-26.  The fact that a trial may last a few days does not necessarily mean that it involves unduly difficult issues.  As stated, this is a relatively straightforward case concerning (presumably) conflicting testimony from the parties.  Pinzon himself states "Plaintiff can articulate his claims all he would need is an opportunity." Doc. 84, at 1:25-26.  There is insufficient grounds to appoint counsel.

Pinzon asks for reconsideration of summary judgment because no oral argument was held before the order was issued.  He states, "Plaintiff's not big on argument on paper....There has been no hearing, no status conference, no settlement conference....This Court would be enabling defense to trample Pinzon without providing a summary judgement hearing as the law provides for in the Federal Rules of Civil Procedure." Doc. 85, at1:15-2:1.  The court notes that Pinzon

was given additional time to file a second opposition to the motions for summary judgment; the court noted that the first opposition he filed was insufficient to defend against the motions. Doc. 73.  Pinzon made no response and the court ruled on the papers.  The Federal Rules of Civil Procedure do not guarantee a hearing.  The Local Rules of the Eastern District state that motions "may be submitted upon the record and briefs on file." Local Rule 230(g).  Pinzon was advised that the court found the motion suitable for decision without oral argument under Local Rule 230(g). Doc. 70.  The court invited Pinzon to file additional evidence to oppose the summary judgment.  Pinzon's failure to respond convinced the court that a hearing would not be helpful in this case as Pinzon had nothing more to add.

It is ORDERED:

1. The February 21, 2012 hearing on dismissal for lack of prosecution is VACATED.

2. Pinzon's motion to reconsider denial of appointed counsel is DENIED.

3. Pinzon's motion to reconsider grant of summary judgment is DENIED.

4. Pinzon's motion to amend his complaint will be addressed by Magistrate Judge Oberto.

IT IS SO ORDERED.

Dated:   February 16, 2012

CHIEF UNITED STATES DISTRICT JUDGE