# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM G. PINZON, | CASE NO. 1:08-cv-01543-AWI-SKO |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO AMEND AND TO ASSIGN LEGAL COUNSEL** |
| v. | |
| RON JENSEN, et al, | (Docket No. 83) |
| Defendants. | |

## I. INTRODUCTION AND RELEVANT BACKGROUND

Plaintiff Abraham G. Pinzon ("Plaintiff") initially filed suit in the small claims division of the Superior Court, County of Tuolumne against Defendants Dan Vaughn ("Vaughn") and Ron Jensen ("Jensen") for failure to pay for contractor services. On January 22, 2007, the court ruled against Plaintiff. (Doc. 28.)

On October 14, 2009, Plaintiff, proceeding pro se and *in forma pauperis*, filed the instant action. (Docs. 1, 2.) The complaint was screened and dismissed with leave to amend, and a First Amended Complaint was filed on March 6, 2009, against Defendants Jensen, Ron Jensen Construction ("Jensen Construction"), Vaughn, and Pinecrest Market ("Pinecrest"). (Docs. 7, 9.) Only Vaughn and Pinecrest answered; however, Plaintiff has not obtained default against Jensen or Jensen Construction. (Docs. 18, 21, 38.)

On November 23, 2009, Chief District Judge Anthony W. Ishii ruled on the motions to dismiss brought by Vaughn and Pinecrest, dismissing without leave to amend all but two of Plaintiff's claims. (Doc. 33.)

On May 19, 2011, Magistrate Judge Sheila K. Oberto denied Plaintiff's motion for appointment of counsel. (Doc. 69.) Plaintiff sought reconsideration, which was denied by Chief District Judge Ishii on August 15, 2011. (Doc. 75.) On the same day, Chief District Judge Ishii granted the motions for summary judgment brought by Vaughn and Pinecrest as to the remaining claims. (Doc. 76.) The Court then ordered that Plaintiff take action with respect to his suit against Jensen and Jensen Construction. (Doc. 80.) Plaintiff failed to do so, and a hearing regarding dismissal for lack of prosecution was scheduled for February 21, 2012. (Doc. 81.)

On February 14, 2012, Plaintiff filed three motions: a motion to amend the complaint and assign legal counsel (Doc. 83), a motion to vacate the order on the motion for reconsideration for the appointment of counsel (Doc. 84), and a motion to vacate the order granting the motions for summary judgment. (Doc. 85.) On February 17, 2012, Chief District Judge Ishii vacated the February 21, 2012, hearing and denied Plaintiff's motions for reconsideration of appointment of counsel and for vacating the summary judgment. (Doc. 87.) Judge Ishii referred the instant motion to amend to Magistrate Judge Oberto for consideration. (Doc. 87.)

For the reasons set forth below, Plaintiff's "Motion to Amend Complaint and to Assign Legal Counsel to Execute Process to Finality Reconsideration" is DENIED.

## II.  DISCUSSION

Plaintiff's motion, labeled "Motion to Amend Complaint and to Assign Legal Counsel to Execute Process to Finality Reconsideration," does not clearly set forth what court action Plaintiff is seeking, but appears solely to be a request to assign legal counsel. (Doc. 83.) Although the motion's caption states that this is also a motion to amend the complaint, Plaintiff does not articulate what amendment he seeks. (*See* Doc. 83.)

**A.  Plaintiff's Request to Assign Counsel is Denied**

This is Plaintiff's fourth request that the Court assign counsel. Plaintiff's first motion for appointment of counsel was denied on May 19, 2011. (Doc. 69.) Plaintiff's motion for

reconsideration was denied on August 15, 2011. (Doc. 75.) Plaintiff's additional motion for reconsideration (Doc. 84), filed concurrently with the instant motion, was denied on February 17, 2012. (Doc. 87.)

The Court has ruled, repeatedly, that Plaintiff is not entitled to the assignment of counsel in this action. (Docs. 69, 75, 87.) Although Plaintiff disagrees with that ruling, Plaintiff's disagreement is not grounds for reconsideration. Fed. R. Civ. P. 60(b)(6); Local Rule 230(j); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Chief District Judge Ishii has also affirmed that "[t]here is insufficient grounds to appoint counsel." (Doc. 87, 2:23.) As such, Plaintiff's request to assign legal counsel is DENIED.

**B.     Plaintiff's Request to Amend the Complaint is Denied**

Although Plaintiff entitles this motion in part a "Motion to Amend Complaint" (Doc. 83, p. 1), Plaintiff does not set forth the grounds for seeking amendment, indicate how he wishes to amend the complaint, or file a proposed amended complaint.

Plaintiff's motion is procedurally defective. Rule 137(c) of the Local Rules for the U.S. District Court, Eastern District California, states in pertinent part that, "[i]f filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to the moving papers seeking such leave." Plaintiff has failed to attach a proposed amended complaint.

Plaintiff's motion is also substantively defective. Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits the time to join other parties, amend the pleadings, complete discovery, and file motions. Fed. R. Civ. P. 16(b)(1)-(3). Once in place, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" requirement of Rule 16 primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, a scheduling order was issued on January 7, 2011. (Doc. 43.) As such, Plaintiff must show that he was diligent and establish good cause in order to amend the pleadings. Fed. R. Civ. P. 16(b)(4). Plaintiff fails to do either.

1          First, Plaintiff was not diligent with his request. Plaintiff's First Amended Complaint was
2  filed on March 6, 2009. (Doc. 9.) Plaintiff fails to explain why he is filing a motion to amend his
3  complaint nearly three years later. Additionally, summary judgement has already been granted
4  against Plaintiff and in favor of Defendants Vaughn and Pinecrest. (Doc. 76.) Plaintiff's motion to
5  amend the complaint as to those Defendants at this stage in the litigation shows not only a lack of
6  diligence, but also fails to serve any purpose as Chief District Judge Ishii has already decided the
7  case in favor of Defendants Vaughn and Pinecrest.

8          Second, with regards to the good cause requirement to amend a complaint, Plaintiff appears
9  to contend that, because of the complexity of his case and the fact that Defendants had indicated that
10 they would require a four- to five-day trial, he requires counsel. (Doc. 83, 2:1-4.) Plaintiff also
11 appears to contend that he was disadvantaged because no conferences, negotiations, or hearings have
12 taken place. (Doc. 83, 20-26.)

13         Chief District Judge Ishii rejected Plaintiff's "complexity" argument, finding that "[t]he fact
14 that a trial may last a few days does not necessarily mean that it involves unduly difficult issues. As
15 stated, this is a relatively straightforward case. . ." (Doc. 87, 2:19-21.) Chief District Judge Ishii also
16 rejected the argument that Plaintiff was entitled to a hearing on Vaughn and Pinecrest's summary
17 judgment motions. The Court found that Plaintiff

> was given additional time to file a second opposition to the motions for summary
> judgment . . . . Pinzon made no response and the court ruled on the papers. The
> Federal Rules of Civil Procedure do not guarantee a hearing. The Local Rules of the
> Eastern District state that motions "may be submitted upon the record and briefs on
> file." Local Rule 230(g) . . . . The court invited Pinzon to file additional evidence to
> oppose the summary judgment. Pinzon's failure to respond convinced the court that
> a hearing would not be helpful in this case as Pinzon had nothing to add.

22 (Doc. 87, 3:1-9.) As such, the Court was not required to hold any hearings in this action.

23         Further, Plaintiff's contention that a "conference negotiation" is warranted lacks merit. (*See*
24 Doc. 83, 2:25.) As noted, summary judgment has been granted against Plaintiff and in favor of
25 Defendants Vaughn and Pinecrest. (Doc. 76.) As such, there are no longer any issues requiring
26 negotiation concerning these Defendants. Further, although Defendants Jensen and Jensen
27 Construction have failed to answer, Plaintiff has not obtained default against them. Since Jensen and
28 Jensen Construction have not appeared in this action, no negotiation or conference can be held with

4

them. The Court is currently considering dismissal of Plaintiff's action against Jensen and Jensen Construction for lack of prosecution. (Docs. 80, 81.)

In sum, as Plaintiff's entitled "Motion to Amend Complaint" is both procedurally and substantively defective, it is DENIED.

### III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's "Motion to Amend Complaint and Assign Legal Counsel to Execute Process to Finality Reconsideration" is DENIED.

IT IS SO ORDERED.

Dated:   March 20, 2012          /s/ Sheila K. Oberto
                                 UNITED STATES MAGISTRATE JUDGE

5