UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM G. PINZON,<br><br>    Plaintiff,<br><br>    v.<br><br>RON JENSEN, RON JENSEN CONSTRUCTION, PINECREST MARKET, DAN VAUGHN, and DOES 1-50,<br><br>    Defendants. | CIV-F-08-1543 AWI SKO<br><br>ORDER VACATING HEARING DATE OF MARCH 4, 2013 |

    Defendant Dan Vaughn was renovating his house. Defendant Ron Jensen was the general contractor on the project. In July 2006, Vaughn hired Plaintiff Abraham Pinzon to do tile work as part of the renovation. Vaughn paid Pinzon weekly, often taking money from the cash register at Defendant Pinecrest Market where Vaughn was the part owner/general manager. On October 10, 2006, Vaughn fired Pinzon. Pinzon alleges that Vaughn did not pay him his full wages and further made threatening/racially charged remarks.

    Pinzon first filed suit in small claims court. The court found for Defendants. Pinzon then filed suit in the Eastern District of California, alleging racial discrimination. Defendants Ron Jensen and Ron Jensen Construction have filed no answer to the complaint, though Ron Jensen did file a notice declining magistrate judge jurisdiction. Doc. 16. Pinzon also made a motion for entry of default judgment against Ron Jensen and Ron Jensen Construction under Fed. Rule Civ. Proc. 55(b)(2). Doc. 36. Magistrate Judge Austin denied the motion without prejudice, noting that Pinzon had to first obtain an entry of default by the clerk's office under Fed. Rule Civ. Proc. 55(a). Doc. 38. Since that time, Pinzon has not sought and entry of default. Pinzon is

proceeding pro se and sought to have counsel appointed by the court.  Magistrate Judge Oberto denied Pinzon's motion. Doc. 69.  Pinzon sought reconsideration, which was denied. Doc. 75.

Vaughn and Pinecrest Market made motions for summary judgment.  Pinzon filed an opposition to Vaughn's motion but no opposition to Pinecrest Market's motion.  The court found the opposition insufficient as it was not backed by evidence and granted him an additional opportunity to provide an opposition in light of his pro se status. Doc. 73.  Pinzon did not do so, and the motions were taken under submission without oral argument.  The court ultimately granted summary judgment in favor of both Vaughn and Pinecrest Market. Doc. 76.

The court then required Pinzon to take action with respect to his suit against Ron Jensen and Ron Jensen Construction.  Pinzon failed to do so and a hearing on dismissal for lack of prosecution was scheduled for December 19, 2011.  Pinzon appeared at the hearing and the court gave him additional time to pursue his case.  Pinzon filed a new motions seeking to amend his complaint, renewing his request to have legal counsel assigned to him, and seeking reconsideration of the summary judgment. Docs. 83, 84, and 85.  These orders were denied in February and March 2012. Docs. 87 and 88.  Pinzon has taken no action with respect to his claims against Ron Jensen and Ron Jensen Construction in the last year.  A new hearing on dismissal for lack of prosecution was scheduled for March 4, 2013. Doc. 89.  Pinzon has filed an opposition, asking for a special master under Fed. Rule Civ. Proc. 53. Doc. 91.

There is no basis for appointing a special master.  This court and Judge Oberto have stated multiple times that this case is relatively straightforward; appointment of legal counsel is not warranted.  Pinzon has noted the frustration of this case: "the Process to continue unchecked with neither progress to finality or civility." Doc. 91.  This case must be resolved.  The court has granted summary judgment in favor of Vaughn and Pinecrest Market and denied Pinzon's motion for reconsideration of that order.  There is nothing further Pinzon can do in this court to pursue his claims against those parties.  There are outstanding claims against Ron Jensen and Ron Jensen Construction and the court has not made a Fed. Rule Civ. Proc. 54(b) determination of finality.  Pinzon has several options available.  One option is to pursue the claims against Ron Jensen and Ron Jensen Construction through the default process, starting with Fed. Rule Civ.

Proc. 55(a).  Another option is to pursue his claims against Vaughn and Pinecrest Market in an appeal to a higher court upon entry of final judgment as to those parties; one way to quickly reach final judgment would be for Pinzon to file a notice of voluntary dismissal under Fed. Rule Civ. Proc. 41(a)(1)(A)(i) against Ron Jensen and Ron Jensen Construction.  Other options are available.  Regardless, Pinzon must make affirmative decisions as to how he wishes to move forward in this case.

It is ORDERED:

1. The March 4, 2013 hearing on dismissal for lack of prosecution is VACATED.

2. Pinzon is directed to make additional filings within twenty-one (21) days that further the prosecution of his case.

IT IS SO ORDERED.

Dated:     March 1, 2013

_____
SENIOR  DISTRICT  JUDGE