UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM G. PINZON,<br><br>    Plaintiff,<br><br>    v.<br><br>RON JENSEN, RON JENSEN CONSTRUCTION, PINECREST MARKET, DAN VAUGHN, and DOES 1-50,<br><br>    Defendants. | CIV-F-08-1543 AWI SKO<br><br>ORDER VACATING ORDER TO SHOW CAUSE HEARING AND ORDERING ADDITIONAL FILINGS |

Defendant Dan Vaughn was renovating his house. Defendant Ron Jensen was the general contractor on the project. In July 2006, Vaughn hired Plaintiff Abraham Pinzon to do tile work as part of the renovation. Vaughn paid Pinzon weekly, often taking money from the cash register at Defendant Pinecrest Market where Vaughn was the part owner/general manager. On October 10, 2006, Vaughn fired Pinzon. Pinzon alleges that Vaughn did not pay him his full wages and further made threatening/racially charged remarks.

Pinzon first filed suit in small claims court. The court found for Defendants. Pinzon then filed suit in the Eastern District of California, alleging racial discrimination. Defendants Ron Jensen and Ron Jensen Construction have filed no answer to the complaint, though Ron Jensen did file a notice declining magistrate judge jurisdiction. Doc. 16. Pinzon also made a motion for entry of default judgment against Ron Jensen and Ron Jensen Construction under Fed. Rule Civ. Proc. 55(b)(2). Doc. 36. Magistrate Judge Austin denied the motion without prejudice, noting that Pinzon had to first obtain an entry of default by the clerk's office under Fed. Rule Civ. Proc. 55(a). Doc. 38. Since that time, Pinzon has not sought an entry of default. Pinzon is proceeding

pro se and sought to have counsel appointed by the court. Magistrate Judge Oberto denied Pinzon's motion. Doc. 69. Pinzon sought reconsideration, which was denied. Doc. 75.

Vaughn and Pinecrest Market made motions for summary judgment. Pinzon filed an opposition to Vaughn's motion but no opposition to Pinecrest Market's motion. The court found the opposition insufficient as it was not backed by evidence and granted him an additional opportunity to provide an opposition in light of his pro se status. Doc. 73. Pinzon did not do so, and the motions were taken under submission without oral argument. The court ultimately granted summary judgment in favor of both Vaughn and Pinecrest Market. Doc. 76.

The court then required Pinzon to take action with respect to his suit against Ron Jensen and Ron Jensen Construction. Pinzon failed to do so and a hearing on dismissal for lack of prosecution was scheduled for December 19, 2011. Pinzon appeared at the hearing and the court gave him additional time to pursue his case. Pinzon filed a new motion seeking to amend his complaint, renewing his request to have legal counsel assigned to him, and seeking reconsideration of the summary judgment. Docs. 83, 84, and 85. These orders were denied in February and March 2012. Docs. 87 and 88. Another hearing on an order to show cause why the case should not be dismissed for lack of prosecution was set for March 4, 2013. Doc. 89. Plaintiff again filed a written response. Doc. 91. The court vacated the hearing and listed out options on how he could proceed in this case. Doc. 92.

Pinzon made a premature appeal to the Ninth Circuit seeking review of order granting summary judgment to Vaughn and Pinecrest Market. Doc. 95. The Ninth Circuit declined to hear the appeal for lack of jurisdiction. Doc. 102. As Pinzon's claims against Ron Jenson and Ron Jensen Construction are pending, final judgment against Vaughn and Pinecrest Market has not yet issued. A hearing on order to show cause was set for June 3, 2013. Doc. 101. Pinzon has filed a written response. Doc. 103.

This pattern of order to show cause and written response without any forward progress must be broken. The court has granted summary judgment to Vaughn and Pinecrest Market. Pinzon wishes to appeal that order, but can not do so until his claims against Ron Jensen and Ron Jensen Construction are resolved. To resolve those claims, Pinzon must either (1) seek entry of

default against Ron Jensen and Ron Jensen Construction with the clerks office in accordance with Fed. Rule Civ. Proc. 55(a) or (2) file a notice stating he is dismissing his claims against Ron Jensen and Ron Jensen Construction in accordance with Fed. Rule Civ. Proc. 41(a)(1)(A)(i). Voluntarily dismissing his claims against Ron Jensen and Ron Jensen Construction would allow Pinzon to immediately take his claims against Vaughn and Pinecrest Market to the Ninth Circuit. Seeking entry of default would delay that process.

It is ORDERED:

1. The June 3, 2013 hearing on dismissal for lack of prosecution is VACATED.

2. Pinzon is ORDERED to make additional filings to resolve his claims against Ron Jensen and Ron Jensen Construction within twenty-one (21) days of the filing of this order. If Pinzon fails to make an appropriate filing, this case will be dismissed for failure to prosecute without further notice.

IT IS SO ORDERED.

Dated:   May 31, 2013

SENIOR DISTRICT JUDGE