UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM G. PINZON,<br><br>    Plaintiff,<br><br>    v.<br><br>RON JENSEN, RON JENSEN CONSTRUCTION, PINECREST MARKET, DAN VAUGHN, and DOES 1-50,<br><br>    Defendants. | CIV-F-08-1543 AWI SKO<br><br>ORDER DISMISSING CASE FOR LACK OF PROSECUTION |

## I. History

Defendant Dan Vaughn was renovating his house. Defendant Ron Jensen was the general contractor on the project. In July 2006, Vaughn hired Plaintiff Abraham Pinzon to do tile work as part of the renovation. Vaughn paid Pinzon weekly, often taking money from the cash register at Defendant Pinecrest Market where Vaughn was the part owner/general manager. On October 10, 2006, Vaughn fired Pinzon. Pinzon alleges that Vaughn did not pay him his full wages and further made threatening/racially charged remarks.

Pinzon first filed suit in small claims court. The court found for Defendants. Pinzon then filed suit in the Eastern District of California, alleging racial discrimination. Defendants Ron Jensen and Ron Jensen Construction have filed no answer to the complaint, though Ron Jensen did file a notice declining magistrate judge jurisdiction. Doc. 16. Pinzon also made a motion for entry of default judgment against Ron Jensen and Ron Jensen Construction under Fed. Rule Civ. Proc. 55(b)(2). Doc. 36. Magistrate Judge Austin denied the motion without prejudice, noting that Pinzon had to first obtain an entry of default by the clerk's office under Fed. Rule Civ. Proc.

55(a). Doc. 38.  Since that time, Pinzon has not sought an entry of default.  Pinzon is proceeding pro se and sought to have counsel appointed by the court.  Magistrate Judge Oberto denied Pinzon's motion. Doc. 69.  Pinzon sought reconsideration, which was denied. Doc. 75.

Vaughn and Pinecrest Market made motions for summary judgment.  Pinzon filed an opposition to Vaughn's motion but no opposition to Pinecrest Market's motion.  The court found the opposition insufficient as it was not backed by evidence and granted him an additional opportunity to provide an opposition in light of his pro se status. Doc. 73.  Pinzon did not do so, and the motions were taken under submission without oral argument.  The court ultimately granted summary judgment in favor of both Vaughn and Pinecrest Market. Doc. 76.

The court then required Pinzon to take action with respect to his outstanding claims against Ron Jensen and Ron Jensen Construction.  Pinzon failed to do so and the first order to show cause why the case should not be dismissed for lack of prosecution was set for hearing on December 19, 2011.  Pinzon appeared at the hearing and the court gave him additional time to pursue his case.  Pinzon filed a new motion seeking to amend his complaint, renewing his request to have legal counsel assigned to him, and seeking reconsideration of the summary judgment.  Docs. 83, 84, and 85.  These orders were denied in February and March 2012. Docs. 87 and 88.

A second order to show cause was set for hearing on  March 4, 2013. Doc. 89.  Plaintiff again filed a written response. Doc. 91.  The court vacated the hearing and listed out options on how he could proceed in this case. Doc. 92.  Pinzon made a premature appeal to the Ninth Circuit seeking review of order granting summary judgment to Vaughn and Pinecrest Market. Doc. 95.  The Ninth Circuit declined to hear the appeal for lack of jurisdiction. Doc. 102.  As Pinzon's claims against Ron Jenson and Ron Jensen Construction are pending, final judgment against Vaughn and Pinecrest Market has not yet issued.

A third order to show cause was set for hearing on June 3, 2013. Doc. 101.  Pinzon filed a written response. Doc. 103.  This court issued an order vacating the order to show cause and told Pinzon that he had 21 days to either seek entry of default or to dismiss his claims; he was specifically warned that if he failed to comply, his claims would be dismissed for failure to prosecute without further notice. Doc. 105.  Pinzon did not make any filing within 21 days and

instead filed a second premature appeal to the Ninth Circuit. Doc. 106.  The Ninth Circuit again declined to hear the appeal for lack of jurisdiction. Doc. 111.

## II. Legal Standards

A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002), citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006), quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

## III. Discussion

Weighing the relevant factors, the court finds dismissal of claims against Ron Jensen and Ron Jensen construction for lack of prosecution appropriate.  This case has lingered since August 2011 without any forward progress.  Pinzon has repeatedly ignored the court's guidance in trying to shepherd him through the litigation process.  Repeated orders to show cause are the result. While dealing with a case on the merits is preferred, default judgment does not provide a full vehicle for that end. See Global Naps, Inc. v. Verizon New Eng. Inc., 603 F.3d 71, 95 (1st Cir. 2010) ("default judgment generally is not a judgment on the merits"); Weiss v. St. Paul Fire & Marine Ins. Co., 283 F.3d 790, 795 (6th Cir. 2002) (favoring "trial on the merits" over default judgment).  Dismissal of claims against Ron Jensen and Ron Jensen Construction should not prejudice any of the Defendants in any way.  "[D]istrict judges have an obligation to warn the

plaintiff that dismissal is imminent." <u>Johnson v. United States Dep't of Treasury</u>, 939 F.2d 820, 823 (9th Cir. 1991), citations omitted. In the prior order, Pinzon was specifically warned that "If Pinzon fails to make an appropriate filing [within 21 days], this case will be dismissed for failure to prosecute without further notice." Doc. 105, May 31, 2013 Order, 3:10-12.

Given his two premature appeals, it is evident that Pinzon no longer seeks to proceed before the district court and wishes to be heard by the Ninth Circuit. The court has granted summary judgment to Vaughn and Pinecrest Market. Pinzon wishes to appeal that order, but can not do so until his claims against Ron Jensen and Ron Jensen Construction are resolved. Pinzon is unwilling to procure a default judgment under Fed. Rule Civ. Proc. 41(a)(1)(A)(i). Dismissal of Pinzon's claims against Ron Jensen and Ron Jensen Construction for lack of prosecution may be the best way to effectuate Pinzon's desire.

### IV. Order

Accordingly, judgment is entered in favor of Defendants Vaughn and Pinecrest Market. Pinzon's claims against Ron Jensen and Ron Jensen Construction are DISMISSED with prejudice for Pinzon's failure to prosecute. The Clerk of the Court is DIRECTED to close the case.

IT IS SO ORDERED.

Dated: _September 19, 2013_            _____
                                          SENIOR DISTRICT JUDGE